# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSEPH COX, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-0784-F |
| | ) | |
| JASON BRYANT, Warden | ) | |
| James Crabtree Correctional | ) | |
| Center, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, appearing pro se, filed a petition for a writ of habeas corpus in the Northern District of Oklahoma challenging his sentence computation. Doc. 1. That court transferred the matter here, Doc. 3, and United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 7. The undersigned construes Petitioner's petition as arising under 28 U.S.C. § 2241, and, in accordance with Rule 4 of the Rules Governing Section 2254 Cases,[1] recommends the court dismiss it on filing. *See Yellowbear v. Wyo. Atty. Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("Section § 2241 is a vehicle for . . . attacking the execution of a sentence[.]").

---

[1] A district court may apply Rule 4 to actions arising under § 2241. *See* Rule 1(b), Rules Governing 2254 Cases in the United States District Courts.

## I. Petitioner's claims.

Petitioner's allegations are difficult to decipher. However, with liberal construction, the undersigned believes Petitioner is challenging prison officials': (1) calculation of his sentence, i.e., the alleged failure to credit his sentence for time served in jail, and (2) calculation of earned credits towards his sentence. Doc. 1, *passim*.

## II. The court's duty to screen the petition.

Under Rule 4 of the Rules Governing Section 2254 Cases, the court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits to it that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing § 2254 Cases; *see also Garza v. Davis*, 596 F.3d 1198, 1205 (10th Cir. 2010) (holding a federal court possesses "the discretion either to dismiss the § 2241 petition if it appeared that the petitioner was not entitled to relief or to order the respondent to file a response"); *see also Hayden v. Upton*, Case No. CIV-12-978-D, 2013 WL 788241, at *1-3 (W.D. Okla. Jan. 8, 2013) (unpublished recommendation) (finding it "clear from the face of the [p]etition" petitioner had not exhausted administrative remedies before filing his § 2241 petition and recommending dismissal without prejudice under Rule 4), *adopted*, 2013 WL 787927 (W.D. Okla. Mar. 1, 2013) (unpublished order) ("The Court agrees with the Magistrate Judge that the petition for

habeas relief must be dismissed upon filing for failure to exhaust administrative remedies.").

## III.   Petitioner's failure to exhaust administrative remedies.

"The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief . . . ." *Garza*, 596 F.3d at 1203. The exception is narrow, and exists only if "a petitioner can demonstrate that exhaustion is futile." *Id.*

Petitioner attached to his petition a series of administrative documents, including: (1) a request to staff dated March 11, 2016; (2) an offender grievance dated March 29, 2016; (3) a grievance decision dated March 31, 2016; and (4) a request to staff dated May 6, 2016. Doc. 1, at 17-21. In none of the attachments does Petitioner complain about his classification level or the alleged improper calculation of earned credits. *Id.* So, Petitioner's petition, on its face and with the attached exhibits, shows he has not exhausted his administrative remedies as to that claim and the court should dismiss it without prejudice.

For his claim prison officials refuse to credit his sentence with jail time, the face of the petition and attached exhibits show Petitioner did not *complete* the exhaustion process. For example, in the March 11th and 29th documents, Petitioner addressed his claim officials have not credited his sentence for time he spent in jail. *Id.* at 19-20. The prison reviewing

authority denied relief on March 31, 2016, and informed Petitioner he had fifteen days to file an appeal with the administrative review authority. *Id.* at 21. It does not appear Petitioner took such action; instead, he started the process over again, filing another request to staff on May 6, 2016. *Id.* at 17.

"Exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Petitioner did not do so here, and his own attachments belie his conclusory claim the exhaustion process is "futile" because "you never get a response back[.]" Doc. 1, at 3. Under such circumstances, the court should dismiss Petitioner's unexhausted claim involving his sentence calculation. *See, e.g., Thornton v. Daniels*, 554 F. App'x 762, 767 (10th Cir. 2014) (rejecting petitioner's allegation the exhaustion process was futile because officials would not provide the necessary documents, in part based on petitioner's own attachments).

## IV. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned finds Petitioner's failure to exhaust his administrative remedies before filing his § 2241 action is clear from the face of the petition and the attached exhibits, and recommends the court dismiss the petition without prejudice.

The undersigned advises Petitioner of his right to file an objection to this report and recommendation with the Clerk of this Court by August 10, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner failure to timely object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the referral.

ENTERED this 21st day of July, 2016.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE