# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH COX, JR., | ) |
|       Petitioner, | ) |
| -vs- | ) Case No. CIV-16-784-F |
| JASON BRYANT, Warden James Crabtree Correctional Center, | ) |
|       Respondent. | ) |

## ORDER

On July 21, 2016, United States Magistrate Judge Suzanne Mitchell issued a Report and Recommendation, recommending that petitioner's Motion to Obtain Leave of Court for Application for Writ of Habeas Corpus to Issue, construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, be dismissed without prejudice for failure to exhaust his administrative remedies.

Petitioner has filed an objection to the Report and Recommendation. The court is also in receipt of a Motion to Obtain Leave of Court for New Supplement Information, filed of record after the issuance of the Report and Recommendation. In conducting its de novo review pursuant to 28 U.S.C. § 636(b)(1), the court has considered not only petitioner's objection, but also petitioner's motion. Therefore, petitioner's motion shall be granted.

Upon de novo review, the court concurs with the analysis of Magistrate Judge Mitchell. The court specifically rejects petitioner's futility argument. The court finds that petitioner has failed to demonstrate that exhaustion of administrative remedies would be futile. Consequently, the court finds that petitioner must go through the

administrative remedy process as a prerequisite to filing his § 2241 petition. The court therefore accepts, adopts and affirms the Report and Recommendation in its entirety.

Petitioner must obtain a certificate of appealability to appeal this court's dismissal of his § 2241 petition. *See*, Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). This "requires an overview of the claims in the habeas petition and a general assessment of their merits." *Id*. at 336. Further, when the district court, as in this case, denies a habeas petition on procedural grounds without reaching the applicant's underlying constitutional claim, a certificate of appealability should issue only when the applicant shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Upon review of the record, the court finds that petitioner is not entitled to a certificate of appealability.

Accordingly, the Report and Recommendation issued by United States Magistrate Judge Suzanne Mitchell (doc. no. 8) is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. Petitioner's Motion to Obtain Leave of Court for New Supplement Information (doc. no. 11) is **GRANTED**. Petitioner's Motion to Obtain Leave of Court for Application for Writ of Habeas Corpus to Issue, construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, is **DISMISSED WITHOUT**

**PREJUDICE** for failure to exhaust his administrative remedies. A certificate of appealability is **DENIED**. Judgment shall issue forthwith.

DATED August 25, 2016.

_/s/ S.P. Friot_
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

16-0784p001.wpd